2006 VT 41

## THE LODGE AT BOLTON VALLEY CONDOMINIUM ASSOCIATION v. Edward J. HAMILTON, Carolyn T. Hamilton, Banknorth, N.A., f/k/a Granite Savings Bank and Trust Co.

[905 A.2d 611]

No. 05-442

¶ 1. May 15, 2006. Plaintiff Lodge at Bolton Valley Condominium Association appeals the dismissal of its first amended complaint, which included in personam

claims against defendants Edward J. Hamilton and Carolyn T. Hamilton and in rem claims against three condominium units purchased by defendants. The superior court dismissed the Association's claims pursuant to 27A V.S.A. § 3-116(e), the statute of limitations for foreclosure of condominium liens. In its appeal, the Association argues that it brought all of its claims within the time period required by statute, or, in the alternative, that its claims should be tolled by statute or under the doctrines of equitable tolling and equitable estoppel. The Association also contends that the court erred by dismissing the complaint in its entirety instead of considering its in rem and in personam claims separately. We reverse and remand the action to the superior court.

¶ 2. The Association alleges the following facts, which we must treat as true for the purposes of considering the superior court's dismissal. *Gilman v. Maine Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 14, 175 Vt. 554, 830 A.2d 71 (mem.). From 1998 through 2001, defendants owned and controlled Bolton Valley Holiday Resort, Inc., which the Association employed to manage its maintenance and accounting. On March 26, 1999, defendants purchased three condominium units from the Association. On June 1, 1999, defendants, in their managerial capacity, issued three credit memoranda characterizing a total of $6,757.43 as "bad debt." The effect of these credit memoranda was to write off arrears owed on defendants' condominiums due to unpaid assessments. These writeoffs were brought to the Association's attention in 2002, when its new financial managers discovered the credit memoranda and believed them to be suspicious. On September 30, 2002, the Association issued a notice of lien against defendants' three condominium units. Defendants did not pay the amount owed on the lien.

¶ 3. On April 11, 2005, the Association filed a complaint for foreclosure against the three condominium units purchased by defendants. Defendants filed a motion for a more definite statement, and on June 17, 2005, the Association filed its first amended complaint, which retained claims against the condominiums for foreclosure and added a number of claims against defendants personally, including fraud, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. The court granted defendants' motion to dismiss and subsequently denied the Association's motion to reconsider, citing 27A V.S.A. § 3-116(e), which sets a three-year limitations period for condominium lien foreclosures. The Association appeals from these decisions.

¶ 4. "A motion to dismiss for failure to state a claim upon which relief can be granted . . . should not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997) (quotations omitted). Although a defendant may properly raise a statute of limitations defense in a motion to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(6), *Fortier v. Barnes*, 165 Vt. 189, 193, 678 A.2d 890, 892 (1996), dismissal is inappropriate: (1) where some facts and circumstances, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief, *Amiot*, 166 Vt. at 291, 693 A.2d at 677; or (2) where factual questions relating to the tolling of the statute of limitations remain for a jury to decide. *Fila v. Spruce Mountain Inn*, 2005 VT 77, ¶ 9, 178 Vt. 323, 885 A.2d 723.

¶ 5. We first address the Association's in rem claims. The Association presents three arguments: (1) that the claims were brought within the three-year limitations period for foreclosure claims; (2) that the statute of limitations should be tolled for these claims pursuant to 12 V.S.A. § 555;

and (3) that the claims should be allowed notwithstanding the statute of limitations according to the doctrines of equitable tolling and equitable estoppel.

¶ 6. The Association first argues that it brought all of its claims within the period required by statute. We agree with the superior court that the Association's foreclosure claims were untimely under the statute. The Uniform Common Interest Ownership Act, 27A V.S.A. §§ 1-101 to 4-120, provides, in relevant part: "A lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessment becomes due." *Id.* § 3-116(e). The Association alleges that defendants purchased the condominiums on March 26, 1999, with actual or constructive knowledge of the units' arrears. The full amount of the assessments became due from defendants on that date, not, as the Association argues, on September 30, 2002, the date the notice of lien issued. Thus, the Association's cause of action accrued on March 26, 1999, and § 3-116(e)'s three-year limitations period expired no later than March 26, 2002 — more than three years before the Association filed its initial complaint.

¶ 7. The Association next argues that the statute of limitations for its foreclosure claims should be tolled pursuant to 12 V.S.A. § 555, which provides express authorization for tolling when a defendant fraudulently conceals the plaintiff's cause of action. That section allows for tolling, however, only with respect to personal, or in personam, actions. See *id.* ("When a person entitled to bring a *personal action* is prevented from so doing by the fraudulent concealment of the cause of such action . . . , the period prior to the discovery of such cause of action shall be excluded in determining the time limited for the commencement thereof.") (emphasis added). The claim at issue is an in rem claim for foreclosure of a lien,

which is a claim against the condominiums, as opposed to a claim against the defendants. See *Pomfret Farms Ltd. P'ship v. Pomfret Assocs.*, 174 Vt. 280, 283, 811 A.2d 655, 658 (2002) ("[A] foreclosure is an action in rem which does not impose personal liability on a defendant."). Section 555, therefore, does not apply to the Association's foreclosure claims.

¶ 8. The Association next argues that the court should not have 'dismissed its foreclosure claims without considering equitable tolling and equitable estoppel. Equitable tolling is applied "only when (1) the defendant actively misled the plaintiff or prevented the plaintiff in some extraordinary way from filing a timely lawsuit; or (2) the plaintiff timely raised the precise claim in the wrong forum." *Beecher v. Stratton Corp.*, 170 Vt. 137, 143, 743 A.2d 1093, 1098 (1999). To invoke the doctrine of equitable estoppel, a plaintiff must make a similar showing: (1) that the party to be estopped knew the facts; (2) that the party being estopped intended that its conduct would be acted upon; (3) that the party asserting estoppel was ignorant of the true facts; and (4) that the party asserting estoppel detrimentally relied on the other party's conduct. *Town of Victory v. State*, 174 Vt. 539, 540, 814 A.2d 369, 372 (2002) (mem.). "The doctrine of equitable estoppel seeks to promote fair dealing and good faith by preventing 'one party from asserting rights which may have existed against another party who in good faith has changed his or her position in reliance upon earlier representations.'" *Beecher*, 170 Vt. at 139, 743 A.2d at 1095 (quoting *Fisher v. Poole*, 142 Vt. 162, 168, 453 A.2d 408, 411 (1982)).

¶ 9. The Association alleges that defendants, as fiduciaries, failed to disclose material financial information with respect to the condominium units. In particular, the Association claims defendants issued the three credit memoranda,

which wrote off arrears owed on defendants' condominiums as "bad debt," at a time when the Association relied on defendants to manage its accounts. Thus, the Association argues that defendants failed to pay their condominium assessments and then issued the credit memoranda to conceal their actions from the Association. Taking all of its allegations as true, the Association raises a colorable argument that it was "actively misled" by defendants' behavior, and that it failed to file a timely claim due to its reliance on defendants' actions. These claims could have provided a basis for equitable tolling or equitable estoppel of defendants' statute-of-limitations argument. It was therefore inappropriate for the superior court to grant defendants' motion to dismiss, as it did not "appear[] beyond doubt that there exist[ed] no facts or circumstances that would entitle the plaintiff to relief." *Amiot*, 166 Vt. at 291, 693 A.2d at 677 (quotations omitted). Accordingly, we remand these claims to the superior court for consideration of whether to apply the doctrines of equitable tolling and equitable estoppel to the Association's in rem claims.

¶ 10. We next consider the Association's in personam claims. The Association contends that the court improperly applied 27A V.S.A. § 3-116(e)'s three-year limitations period to the Association's in personam claims. "A single complaint may contain multiple causes of action, some of which are time-barred and some not." *Fitzgerald v. Congleton*, 155 Vt. 283, 290, 583 A.2d 595, 599 (1990). Because the terms of § 3-116(e) apply only to in rem foreclosure claims, and no specific statute of limitations applies to the Association's in personam claims, these claims should be analyzed under the general six-year statute of limitations governing civil actions. See 12 V.S.A. § 511 ("A civil action, … except as otherwise provided, shall be commenced within six years after the cause of action

accrues and not thereafter."). We note that the Association's in personam claims accrued after its in rem claims. Defendants purchased the condominiums on March 26, 1999, causing 27A V.S.A. § 3-116(e)'s three-year statute of limitations to begin running on the Association's in rem claims by virtue of the fact that the assessments became due from defendants on that day. Defendants issued the allegedly fraudulent credit memoranda on June 1, 1999, causing 12 V.S.A. § 511's six-year statute of limitations to begin running on the Association's in personam claims. See *Furlon v. Haystack Mountain Ski Area, Inc.*, 136 Vt. 266, 270, 388 A.2d 403, 406 (1978) ("The statute of limitations runs from the time when a plaintiff can first sue and recover his demand."). Therefore, absent statutory or equitable tolling, the statute of limitations on the Association's in personam claims expired on June 1, 2005.

¶ 11. The Association first raised its in personam claims when it filed its first amended complaint on June 17, 2005, sixteen days after the limitations period expired. We must therefore decide whether these claims "relate back" to April 11, 2005, the date of the Association's initial complaint. Under Rule 15(c), an amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." V.R.C.P. 15(c)(2). The transaction or occurrence underlying the Association's in rem and in personam claims is the nonpayment of arrears owed on defendants' condominiums. Although the first amended complaint raised new causes of action with respect to the credit memoranda issued by defendants, that conduct was part of the overall nonpayment of arrears. The Association's original complaint put defendants on notice as to the nature of the claims alleged in the first

amended complaint. See *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 314, 455 A.2d 810, 816 (1982) (holding that tort claim against hospital related back to date of original complaint against physician when hospital "had notice from the beginning of this action" as to the nature of the plaintiff's claim). The fact that defendants were on notice is of more importance than the fact that the Association's first amended complaint added in personam claims that exposed defendants to greater liability than the original in rem claims. See 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1501, at 162 (2d ed. 1990) ("As long as the original complaint gives defendant adequate notice, an amendment relating back is proper even if it exposes defendant to greater damages."). Our practice is to use "pragmatic terms rather than the technical 'cause of action' to state the test for permitting relation back." Reporter's Notes, V.R.C.P. 15. Practically speaking, the Association's in rem and in personam claims arise from the same transaction, and defendants were on notice of the litigation. As a result, the Association's in personam claims relate back to April 11, 2005, the date the initial complaint was filed. Because this date was within § 511's six-year statute of limitations, these claims were timely filed and should not have been dismissed. On remand, these claims should survive regardless of the court's determination with respect to equitable tolling and equitable estoppel. Rule 15(c) does not specifically address relation back when the original claim was untimely, but allowing relation back for the purpose of correcting this defect in the original complaint is in keeping with the policy of both the rule and the statute of limitations. See *Hojaboom v. Town of Swanton*, 141 Vt. 43, 51, 442 A.2d 1301, 1305 (1982) (superseded by statute on other grounds) ("Rule 15(c) is grounded on the notion that a party who has been notified of litigation concerning a given transaction has been accorded all the notice that statutes of limitations are intended to afford."); 6A C. Wright et al., *supra*, § 1497, at 85 (indicating that "the rationale of the relation back rule is to ameliorate the effect of the statute of limitations").

*Reversed and remanded for proceedings consistent with the views expressed herein.*