STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| 114 College Street Permit Amendment | } | Docket No. 227-09-06 Vtec |
| (Appeal of McGrew, <u>et al.</u>) | } | |
| | } | |

Decision and Order on
Appellee-Applicant's Motion to Dismiss and on Appellants' Motion for Stay

Appellants Barbara McGrew, Daniel Fivel, Jowall Limited Partnership, and Leonora, LLC appealed from a decision of the Burlington Development Review Board regarding a mixed residential and commercial project proposed for property located at 114 College Street in Burlington. Appellants McGrew, Fivel, and Jowall Limited Partnership are represented by Norman C. Williams, Esq.; Appellant Leonora, LLC is represented by Robert C. Roesler, Esq.; Appellee-Applicant Investors Corporation of Vermont is represented by Christina Jensen, Esq.; and the City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

Appellants have filed a motion for a stay of proceedings on this appeal in Environmental Court pending disposition of <u>In re McGrew</u>, Docket No. 2006-264, by the Vermont Supreme Court. Appellee-Applicant has moved to dismiss this appeal.

Appellee-Applicant owns a parcel of property at 114 College Street, on which it proposes to construct a ten-story mixed-use building, including a bank automatic teller machine accessed by vehicles, two commercial offices on the ground floor, fifty residential units, and associated parking located within the building beginning on the ground floor and extending two floors below the ground floor. Twelve of the residential units are

1

proposed for low- and moderate-income housing.

On March 3, 2006, this Court approved Applicant's application in In re Appeal of McGrew, Docket No. 199-10-04 Vtec, conditioned as follows:

> Based on the foregoing, it is hereby ORDERED and ADJUDGED that the proposed project is conditionally approved, as discussed above, on condition that approval of the following matters must be obtained from the DRB:
> 1) As a waiver is only granted [by the Court decision] of thirty of the required spaces, and as the lowest two spaces are not approved as designed, Appellee-Applicant shall obtain approval from the DRB either of additional waivers, or of revised parking plans showing additional parking spaces, either within the proposed building or as alterations to any other structures on the merged property, sufficient to meet the parking requirements discussed in this decision.
> 2) Appellee-Applicant shall obtain approval from the DRB of a warning buzzer or light, or alternative window construction, or any other proposal sufficient to achieve the safety of northbound pedestrians at the intersection with the ATM exit lane.
> After [a scheduled telephone conference], the Court will grant a limited remand of those aspects of the application to the DRB, if Appellee-Applicant wishes to make those applications, and will expedite any resulting appeal to this Court, under the provisions of V.R.E.C.P. 2(b), so that only a supplemental hearing on those new issues or proposals would be necessary.

The parties disputed the judgment order based on this decision; a judgment order concluding Docket No. 199-10-04 Vtec was issued by the Court on May 19, 2006. Appellants took an appeal of that decision to the Vermont Supreme Court in Docket No. 2006-264.

While that appeal was pending, Appellee-Applicant made certain changes in the application to address the two issues specified for remand in the judgment order in Docket No. 199-10-04. Appellee-Applicant changed the design of the north end of the lowest floor of the garage, asserting that it now provides additional turnaround space at the bottom of

2

the garage to allow the full use of the two spaces at issue in that location. Appellee-Applicant changed the design of the corner of the building, asserting that it now provides the additional visibility at the exit from the drive-through teller onto the sidewalk.

As to the required number of parking spaces, the decision gave Appellee-Applicant the opportunity of revising the application to meet the parking requirements, without requiring any particular solution. Applicant could have revised its application to provide some or all of the twenty additional parking spaces (for example by providing another floor of parking below those in the original application) within the proposed building. Applicant could have revised its application to provide some or all of the twenty additional parking spaces within or as alterations to any other existing structures or parking areas on the merged property. Alone or in conjunction with any such revision to the application design, Applicant could have revised its application to apply for additional parking waivers for some or all of the twenty additional parking spaces, beyond the waiver of thirty spaces granted by this Court in Docket No. 199-10-04.

Applicant appears to have revised[1] its application not to provide any additional spaces within the proposed building, but to provide parking for the building at certain times in another area on the merged property, to provide for "parking management practices" to ensure that shared use spaces are available for commercial parking during regular business hours, and to provide language in the declaration and deeds for the residential units restricting those residential units to one parking space each, and providing a fee for any residents wishing to lease additional spaces within the shared-use parking areas. In the proceedings before the DRB, Appellee-Applicant also submitted additional evidence in support of its parking waiver application. From the DRB decision, this

---

[1] The Court has not yet scheduled a hearing to take supplemental evidence in this matter; the following statements about the application are derived from the parties' memoranda on the pending motions.

3

evidence appears to have related to the various additional public and private parking garages within the vicinity of the project, and whether the residents would walk to work, rather than drive, and whether they would make use of available public transit options.

The Court's March 2006 decision was issued prior to the decision of the Vermont Supreme Court in In re Appeal of Armitage, 2006 VT 113 (Nov. 9, 2006) (mot. for rearg. and clarification denied Jan. 4, 2007). In that case, the Supreme Court concluded that a "revised application should not have been considered absent changes that addressed all areas in which the previously denied application did not comply with regulations, as opposed to merely offering different evidence on a matter settled by the earlier decision." Id.,2006 VT 113, ¶11

Applying the analysis from Armitage, in the present case Appellee-Applicant may present evidence on the changes it now proposes in the application to address the insufficiency of twenty parking spaces as discussed in the prior decision, but it may not present evidence that it could have presented but failed to present when the matter was last before the Court. For example, the Court found in the prior decision that Appellee-Applicant had "demonstrated the availability of alternate transportation modes (bus and bicycle), but presented no evidence about the projected use of those modes by the projected residents of the building." Appellee-Applicant may not now present such evidence.

On the other hand, Appellee-Applicant may present evidence of, and may request parking waivers based on, the new changes in the proposal, that is, the provision of spaces elsewhere on the property, the changed "parking management practices," or the specific newly-proposed covenant or deed restrictions. The Court will rule at trial as to any specific proffered evidence.

4

Appellee-Applicant's Motion to Dismiss due to content of notice of appeal

Appellee-Applicant argues that this appeal should be dismissed because the notice of appeal is defective and because Appellants lack standing to appeal. Appellee-Applicant argues that the notice of appeal must be dismissed because V.R.E.C.P. 5 requires that the notice of appeal contain the statutory provision regarding the Appellants' party status, which is omitted from the notice of appeal in this matter.

Appellants' notice of appeal, while minimal, is sufficient under V.R.E.C.P. 5. See V.R.E.C.P. 5(b)(3) ("An appeal will not be dismissed for informality of form or title. . . ."). No provision in the rules requires appellants to make an offer of proof as to their status as a party. Route 103 Quarry (Appeal of J.P. Carrara & Sons, Inc.), Docket No. 205-10-05 Vtec, slip op. at 3 (Vt. Envtl. Ct., Feb. 23, 2006). Rather, an appellant is "automatically accorded [party] status when the notice of appeal [or cross appeal] is filed unless the court otherwise determines on motion to dismiss a party . . . ." V.R.E.C.P. 5(d)(2). Only the filing deadline is jurisdictional. See Reporter's Notes to V.R.E.C.P. 5(b)(1).

A motion to dismiss "should not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Lodge at Bolton Valley Condominium Ass'n v. Hamilton, 2006 VT 41, ¶4. Appellee-Applicant has not met this standard.

Appellants' original notice of appeal contained sufficient information required by V.R.E.C.P. 5 to put Appellee-Applicant and others on notice of their appeal. Appellants have since filed a revised notice of appeal containing additional information regarding the statutory basis for their claim of party status, 24 V.S.A. § 4464(b)(3), and have in any event cured any defect in the original notice of appeal, which was timely filed. Accordingly, Appellee-Applicant's Motion to Dismiss the appeal on this basis is DENIED.

<u>Appellee-Applicant's Motion to Dismiss due to untimely filing of Statement of Questions</u>

Appellee-Applicant argues that Appellants failed to timely file a statement of questions under V.R.E.C.P. 5(f). While the rule imposes a twenty-day filing requirement for the statement of questions (from the date the notice of appeal is filed), that time period is not jurisdictional. The Statement of Questions in the present appeal was filed five days late, but well before the initial conference in this appeal. Appellee-Applicant has not shown prejudice from the additional five days, given that its timely filing is not jurisdictional. Further, the Court must apply the rules in such a way as to make a "full and fair determination" of the issues that come before the Court. V.R.E.C.P. 1. Accordingly, Appellee-Applicant's Motion to Dismiss the appeal on this basis is DENIED.

<u>Appellee-Applicant's Motion to Dismiss due to Appellants' lack of standing</u>

In addition, Appellee-Applicant argues that the appeal should be dismissed because this Court has previously ruled, in Docket No. 199-10-04 Vtec, that Appellants McGrew, Fivel, and Jowall Limited Partnership lacked standing on certain issues. However, although in the present appeal most of the issues relate to the required number of parking spaces, Appellants have also presented all the questions raised in the former appeal, "in the event [they] are not reached by the Vermont Supreme Court" in the case now on appeal.

As ruled on in Docket No. 199-10-04 Vtec, only Leonora, Inc. has party status regarding issues affecting on-site circulation and access to the adjacent street network; Appellants McGrew, Fivel, and Jowall Limited Partnership have party status only on issues relating to the potential height of and rooftop structures on the project building, and therefore its visibility potentially affecting their property at the corner of St. Paul Street and Bank Street. Issues as to the design of the parking garage and its internal circulation and the number of non-public parking spaces waived may not implicate the issue of height, while issues of the number of parking spaces provided and the accessibility or useability

6

of any of the public parking spaces may implicate the issue of height. §5.3.15(a)(2).

Even if Appellants McGrew, Fivel, and Jowall Limited Partnership were dismissed as to the same issues as in Docket No. 199-10-04 Vtec , Appellee-Applicant's motion to dismiss the appeal for lack of standing would have to be denied on the basis that Appellant Leonora LLC has standing to raise those issues. Accordingly, Appellee-Applicant's Motion to Dismiss the appeal on this basis is DENIED.

Appellants' Motion for a Stay

Appellants argue that the present appeal should be stayed pending the Supreme Court's disposition of Docket No. 2006-024 because a decision by that Court in Appellants' favor would render the present appeal moot and because continuing this appeal poses a "significant risk" of prejudice to Appellants and waste of judicial resources.

The Vermont Rules of Appellate Procedure, which this Court applies in the context of an appeal to the Supreme Court pursuant to Rule 5(k)(1) of the Vermont Rules for Environmental Court Proceedings, provide that an action may be suspended during the pendency of an appeal. V.R.A.P. 8(a). The decision of whether to grant a stay lies in the discretion of the court. Id.; see also Estate of Lanterman v. Lanterman, 462 N.E.2d 46, 51 (Ill. App. Ct. 1984) ("trial court has power to stay a separate action when both actions involve the same parties and subject matter so that the trial of one action will effectively dispose of the need for a trial in another action").

However, in the present case Docket No. 227-9-06 Vtec is merely the remainder of the application addressed in what is now on appeal in Supreme Court Docket No. 2006-264. It will be more efficient to proceed promptly with the issues that arise only in the present case, so that any further appeal of it may be filed at the Supreme Court and, if necessary, consolidated there with its Docket No. 2006-204.

7

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Dismiss is DENIED, and that Appellants' Motion to Stay is DENIED. We will schedule a telephone conference shortly to discuss any supplemental hearings (as contemplated by the original decision) necessary for resolution of this appeal.

Done at Berlin, Vermont, this 20th day of April, 2007.

_____
Merideth Wright
Environmental Judge

8