**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| **In re: Marcelino Waste Facility** | } | **Docket No. 44-2-07 Vtec** |
| **(Appeal from Act 250 JO #4-205, 2nd Recons.)** | } | |
| | } | |

**<u>Decision on Motion to Reconsider Dismissal</u>**

This matter concerns a jurisdictional opinion issued by the District #4 Environmental Commission Coordinator ("District Coordinator"), concerning the need for an Act 250 permit for the A. Marcelino & Company Facility ("Marcelino Facility"), a recycling facility located in South Burlington, Vermont. Ranger Asphalt and Concrete Processing, Inc. ("Ranger") first requested the jurisdictional opinion and then appealed the District Coordinator's second reconsideration of that jurisdictional opinion, dated January 23, 2007, in which the District Coordinator announced his determination that the improvements to the already-existing Marcelino Facility did not constitute development so as to trigger Act 250 jurisdiction. The owners of the Marcelino Facility ("Marcelino") thereafter filed with this Court a motion to dismiss Ranger's appeal, which this Court initially denied in a decision dated May 30, 2007. This Court ultimately reconsidered that determination and, on November 6, 2007, announced its determination that Ranger's appeal should be dismissed.

On November 30, 2007, Ranger filed its request that the Court reconsider its dismissal of Ranger's appeal. Marcelino filed a memorandum in opposition; the parties thereafter filed competing reply memoranda. For the reasons more specifically stated below, the Court concludes that Ranger has as of yet failed to articulate the facts necessary to show that it has standing to appeal the challenged jurisdictional opinion and therefore declines at this time to vacate its Decision and Judgment Order of November 6, 2007. However, since the Court's November 6th Decision was premised upon its own reconsideration, <u>sua</u> <u>sponte</u>, the Court will allow Ranger an additional period of time in which to submit an affidavit or other verified evidence that it complies with the standing requirements contained in the statutes and prior Vermont Environmental Board and Vermont Supreme Court decisions referenced in our November 6th Decision. In the alternative, Ranger may forego such filing and determine if an appeal of our November 6th Judgment Order and Decision is warranted.

**Discussion**

Ranger offers three arguments in support of its request that this Court reconsider and reverse the denial of Ranger's appeal: (1) the Court relied upon a "new standard" in dismissing Ranger's appeal and Ranger should therefore be allowed an opportunity to meet this new standard; (2) a more "relaxed" standing requirement should be applied here, since the standing Ranger asserts in this proceeding is more procedural in nature than substantive; and (3) Ranger has met the applicable standing standards.[1] We review each of Ranger's arguments in turn.

## I. The Court has not announced a new standard.

Contrary to Ranger's assertion, the Court did not announce a new standard concerning the eligibility to appeal a jurisdictional opinion issued by an Act 250 district coordinator. Rather, it was the Court's realization that it had not followed prior precedent of the former Vermont Environmental Board and the Vermont Supreme Court that led this Court to reconsider, sua sponte, its prior denial of Marcelino's challenge to Ranger's standing to appeal in this case. In our November 6th Decision, we note the foundation spanning many years of the requirement that one who wishes to appeal a jurisdictional opinion must have standing to maintain the appeal. See id. at 2–3 (citing Re: Putney Paper Company, Inc., Declaratory Ruling Request #335, Findings of Fact, Conclusions of Law, and Order at 5-6 (Vt. Envtl. Bd., May 29, 1997) (where the party's interests were not affected by the outcome of the district coordinator's JO, that party did not have standing to appeal to the E-Board); Re: Alpine Pipeline Company, Declaratory Ruling Request #415, Memorandum of Decision at 7 (Vt. Envtl. Bd., Jan. 3, 2003) ("The legislature clearly created a different threshold for requesting a jurisdictional opinion ('any person') and appealing a jurisdictional opinion (only certain interested parties)"); and Re: Stone Cutter's Way/Winooski East Waterfront Redevelopment Project, Declaratory Ruling Request #391, Memorandum of Decision (Vt. Envtl. Bd., June 1, 2001) (where a party was not able to demonstrate injury to a protected interest, that party did not have standing to appeal)).

---

[1] Ranger offers a fourth argument for reconsideration and reversal of the November 6th Decision: that the Court was simply incorrect in concluding that Ranger's standing to appeal the challenged jurisdictional opinion cannot flow from the fact that it was the requesting party. Ranger asserts that it "has a statutory right to appeal the adverse of a JO to the Environmental Court" and relies upon its prior memoranda for support. We are not aware of the statutory authority to which Ranger refers and believe the November 6th Decision adequately addressed the prior arguments asserted by the parties. We therefore decline to further address or grant reconsideration on this basis.

The standard announced in the November 6, 2007 Decision by this Court has both a long history from appropriate precedent[2] and foundation in applicable state law that pre-dates this Court's Act 250 jurisdiction. While it is true that this Court's authority over Act 250 appeals is relatively new and this Court had not, prior to November 6, 2007, addressed the standing issue discussed here, the substantive provisions of 10 V.S.A. § 6007(c) and §§ 8501–8505 pre-date the assumption by this Court of the responsibility of hearing appeals from Act 250 jurisdictional determinations. It is therefore inaccurate to characterize the standing requirement for appeals of jurisdictional opinions as "new."

## II.    The November 6th Decision applies the correct standing standard.

Ranger is correct in its assertion that the starting point in a discussion of standing in Vermont is often Hinesburg Sand & Gravel Co., Inc., v. State of Vermont, 166 Vt. 337 (1997). We have not found the detailed discussion in Hinesburg that Ranger asserts was adopted by our Supreme Court from Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). We note that Lujan is referenced twice in Hinesburg without detail, as a case that was cited by other authority relied upon by the Hinesburg Court.

As discussed in our November 6th Decision at 5, Hinesburg is the source for the procedural directive that a civil court must limit its docket to actual cases or controversies. The injury alleged cannot be a "generalized grievance." Hinesburg, 166 Vt. at 341.

The Hinesburg case provides particular illumination for the procedural issue we discuss here, as it concerned the question of whether a gravel supplier may maintain a suit against the State of Vermont and its officials when the gravel supplier was not alleging a specific injury, but rather the generalized fear of a possible future injury (i.e., potential loss of future contracts) because the State had adopted a policy of not allowing crushed gravel to be used on road projects in areas where stone was available. The Supreme Court affirmed the Superior Court's dismissal of the gravel supplier's suit for lack of standing. Id. at 341–343. In the case now before us, Ranger has a commercial facility not wholly unlike the Marcelino Facility; Ranger fears that Marcelino will obtain an unfair advantage by not being compelled to obtain an Act 250 permit for alleged development activities that should trigger Act 250 jurisdiction. The District Coordinator here ultimately determined that the complained-of activities were not attributable to

---

[2]   See 10 V.S.A. § 8504(m) (directing us to afford "the same weight and consideration" to prior decisions of the former Environmental Board as we afford to our own decisions).

Marcelino and that any Marcelino activities on its already existing Facility did not rise to the level of Act 250 jurisdictional triggers.

The rights protected by Act 250 are substantive rights. See 10 V.S.A. § 6086(a)(1)–(10). To have standing to appeal an adverse determination in an Act 250 proceeding, including a jurisdictional proceeding, a party must specify (1) an injury; (2) to a particularized (i.e., not generalized) interest protected by Act 250; (3) that is impacted by the proceedings appealed from; and (4) that this Court can redress. 10 V.S.A. § 8502(7). We have found no authority in the long history of Act 250 for "any person" to appeal an adverse jurisdictional opinion, especially those who lack standing. Compare 10 V.S.A. § 6007(c) with §§ 8502(7) and 8504(a) (§ 6007(c) allows "any person" to request a JO; §8504(a) limits proper appellants of JOs to "persons aggrieved", as defined in § 8502(7)). Our November 6th Decision was based upon this legal distinction. We have not received notice of adequate authority to contradict that long procedural history and therefore decline to now ignore it.

### III.     Ranger has failed as of yet to meet the applicable standing standards.

With its request for reconsideration, Ranger submitted an affidavit from its owner, Robert Mazza. Within this six-page, thirty-one paragraph affidavit, Mr. Mazza explains the rigorous permitting process he endured for Ranger and the basis for his pride in Ranger's conformance with the Chittenden County Regional Plan and the Chittenden Solid Waste District Solid Waste Management Plan, in which the Regional Plan is referenced. He complains that Marcelino owns a similar facility in a separate Chittenden County municipality and that he is "flabbergast[ed]" at the condition and lack of oversight of the Marcelino Facility, including its apparent degradation of the Regional Plan and Waste Management Plan goals.

We take these allegations as true, for purposes of determining whether our dismissal of Ranger's appeal here should stand. See Lodge at Bolton Valley Condominium Ass'n v. Hamilton, 2006 VT 41, ¶4, 180 Vt. 497, 498 ("A motion to dismiss…should not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle plaintiff to relief") (citations and internal quotations omitted). However, Mr. Mazza's affidavit is devoid of factual representations upon which this Court could rely in determining that he has suffered (1) a specific injury; (2) to a particularized interest; (3) over which Act 250 jurisdiction could be asserted; and (4) that this Court could redress in these proceedings. Thus, we must

conclude that Ranger has failed to offer a basis upon which this Court could conclude that Ranger had standing to file this appeal.

Given that this Court dismissed Ranger's appeal on the Court's own motion, we believe it appropriate to afford Ranger one final opportunity to show that it has standing as a "person aggrieved," as that term is defined by 10 V.S.A. § 8502(7). In its attempt to do so, we expect that Ranger will consider the explanation of that term articulated in this Decision and the Decision of November 6, 2007.

## Conclusion

For the reasons stated above, this Court declines to vacate its Decision and Judgment Order of November 6, 2007. However, we will afford Ranger additional time, until Wednesday, February 13, 2007, in which to submit an affidavit or other verified evidence upon which this Court may rely in concluding that Ranger has met the standing requirements of 10 V.S.A. § 8502(7). In all other respects, Ranger's motion for reconsideration is **DENIED**.

Done at Newfane, Vermont this 28th day of January, 2008.

_____
Thomas S. Durkin, Environmental Judge