Roger **LUSSIER**, et al. v. Paul W. and Colleen M. **TRUAX**, et al.

[643 A.2d 843]

No. 93-187

December 22, 1993. Defendants appeal from partial summary judgment entitling plaintiffs to posses-

sion of premises occupied by defendants as tenants. Defendants sought to avoid eviction by claiming that the parties' most recent agreement was a financing arrangement requiring plaintiffs to proceed by foreclosure rather than eviction proceedings. On appeal, defendants argue reversal is required because (1) the affidavits and documents they submitted were sufficient to create a genuine issue of material fact—whether the parties' agreement was a financing arrangement that created a mortgagee-mortgagor relationship rather than a landlord-tenant relationship; (2) by granting summary judgment, the judge improperly reversed another superior court judge who had denied plaintiffs' first motion for summary judgment approximately a year earlier; and (3) the court failed to hold a hearing before granting plaintiffs' motion for summary judgment. We affirm.

In reviewing an order granting summary judgment, we apply the same standard of review as that applied by the trial court. *Morrisville Lumber Co. v. Okcuoglu*, 148 Vt. 180, 182–83, 531 A.2d 887, 888–89 (1987). We conclude, as did the trial court, that defendants' affidavits and documents, which for the most part consist of self-serving opinions as to the legal nature of the parties' transaction and of unrecorded or undelivered documents, are wholly insufficient to survive plaintiffs' motion for summary judgment. See V.R.C.P. 56(e) (affidavits opposing motion must demonstrate that admissible evidence raises genuine issue of material fact); *Cohen v. Ayers*, 449 F. Supp. 298, 321 (N.D. Ill. 1978) (affidavit opposing summary judgment "may be disregarded if it contains conclusions of law or of ultimate fact"), *aff'd*, 596 F.2d 733 (7th Cir. 1979).

In support of their motion, plaintiffs submitted unrefuted documents—the parties' agreements and court and land records—demonstrating that title in the property resided solely with plaintiffs, that defendants had no ownership interest in the property, and that the parties' 1986 agreement was an unconsummated purchase and sale agreement. Construction of the legal effect of the parties' agreements is a question of law appropriate for resolution by summary judgment. See *Vermont Nat'l Bank v. Chittenden Trust Co.*, 143 Vt. 257, 266, 465 A.2d 284, 290 (1983) ("It is hornbook law that construction of contract terms is a matter of law and not a factual determination."); *Orkin Exterminating Co. v. Federal Trade Comm'n*, 849 F.2d 1354, 1360 (11th Cir. 1988) (determination of ambiguity of contract and of legal effect of unambiguous contract are questions of law that may be resolved summarily), *cert. denied*, 488 U.S. 1041 (1989); *Hadley v. Gerrie*, 124 B.R. 679, 683 (D.V.I.) (fundamental principle of contract law is that disputes involving interpretation of unambiguous contracts are appropriate cases for summary judgment), *aff'd*, 952 F.2d 1392 (3d Cir. 1991). We agree with the trial court that the affidavits and documents submitted by the parties warrant summary judgment in favor of plaintiffs.

The other two issues raised by defendants merit only a brief response. The court's grant of summary judgment was not a horizontal reversal of the first judge, considering that the first judge gave no indication of what genuine issues of material fact were in dispute, and plaintiffs had submitted relevant "additional materials" to the court. See *Morrisville Lumber Co.*, 148 Vt. at 182, 531 A.2d at 888. Further, no hearing was required. *Id.*

*Affirmed.*

Motion for reargument denied January 12, 1994.