*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-354

FEBRUARY TERM, 2014

| | | |
|---|---|---|
| Vermont Federal Credit Union | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Drew Richter and Russell Richter | } | DOCKET NO. 30-1-13 Cncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Plaintiff bank filed this suit to collect a deficiency judgment on a promissory note. The court granted a prejudgment writ of attachment and summary judgment on the merits to plaintiff. Defendant Drew Richter[1] appeals, arguing that the court erred in granting the writ of attachment because there was no evidentiary hearing, and summary judgment was in error because there are disputed questions of fact. We affirm.

In January 2013, plaintiff filed this collection action. The complaint recited that in September 2008 defendants borrowed $74,746.10 from plaintiff, and secured the debt with a mortgage on real estate in Barre, Vermont. In July 2011, defendants were in default on the loan and entered an agreement for a deed in lieu of foreclosure with plaintiff to sell the real estate and apply the net proceeds to defendants' loan balance. The property was sold in December 2012, and, after applying the proceeds to the loan balance, a deficiency balance of $55,754.49 remained.

After defendants failed to satisfy the deficiency, plaintiff filed suit. Plaintiff sought a prejudgment writ of attachment on real estate owned, at least in part, by defendant Drew Richter in Jeffersonville, Vermont. In support, plaintiff attached an affidavit from a credit union manager, averring that there was a reasonable likelihood plaintiff would prevail, that defendants' only asset available to satisfy the judgment was the real property in Jeffersonville, and that there was no insurance or bond available to satisfy the judgment. The court approved a prejudgment writ of attachment in February 2013.

Plaintiff then filed for summary judgment. Plaintiff included a statement of undisputed facts, stating that defendants owed $55,754.49 plus interest and had failed to pay. In support, plaintiff attached the original note, the agreement for deed in lieu of foreclosure, and defendants'

---

[1] Defendant Russell Richter is not a party to this appeal.

admissions to plaintiff's interrogatories. In July 2013, the court ordered plaintiff to answer three questions concerning its request for summary judgment.

Defendant Drew Richter, referred to hereafter as appellant, then filed a "supplemental affidavit" opposing plaintiff's motion for summary judgment. She stated that there was a dispute of material fact as to the value of the property on the date of the deed in lieu of foreclosure and that plaintiff had failed to mitigate damages by selling the property at a reasonable market value. The filing stated that defendant had "submitted sworn testimony and proof to this Court of the actual value of the real property based upon the property appraiser's own information regarding the value of the property," but there was no additional evidence attached to the filing to support the claims regarding the value of the property. Appellant did not submit a statement of disputed facts.

Plaintiff responded to the court's inquiry and appellant's opposition. Plaintiff stated that it had made reasonable efforts to mitigate damages by selling the property for a reasonable price. In support, plaintiff filed a supplemental affidavit of a collections officer employed by plaintiff, who described the efforts made to sell the property. She averred that although the tax value of the Barre property in 2008 was $96,710, the fair market value had decreased by 2012. After the agreement for sale in lieu of foreclosure, plaintiff had a market analysis and later an appraisal of the property completed, which valued the property at $46,000 and $16,000, respectively. Those appraisals were attached to the motion and explained that the property value decreased due to a need for significant repairs, and the limited neighborhood market appeal. The affidavit further recited that plaintiff had marketed the property through a realtor, and two unsuccessful contracts for sale were entered before a sale of the property was completed for $30,000.

The court granted plaintiff summary judgment. The court concluded that plaintiff had provided enough evidence to support the elements of its claim. The court noted that although appellant claimed the sale was for less than fair market value,[2] she had failed to provide any support for that contention or for the claim that that the sale was otherwise invalid or was conducted improperly.

On appeal, appellant argues that the court erred in granting the writ of attachment because there was insufficient evidence. She also claims that summary judgment was in error because there are disputed questions of fact.

We first address appellant's argument concerning the writ of attachment. Appellant claims that plaintiff was not entitled to a writ of attachment because there were no witnesses presented at the hearing on whether to issue the writ, and plaintiff relied solely on affidavits that accompanied the motion and complaint. She asserts that the information provided by plaintiff was insufficient. There was no error. Rule of Civil Procedure 4.1 allows property to be "attached and held to satisfy any judgment for damages and costs which the plaintiff may recover." V.R.C.P. 4.1(a). A motion for attachment must be filed with the complaint and

---

[2] Appellant, in her response to plaintiff's summary judgment motion, claimed that she had "submitted sworn testimony and proof to this court of the actual value of the real property . . . ." The trial court could not find this "sworn testimony" in the record and gave appellant ten extra days to file it. Appellant did not respond by filing the "sworn testimony."

accompanied by an affidavit setting forth sufficient facts for the court to find a "reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance, bond, or other security." V.R.C.P. 4.1(b)(2), (i). Here, plaintiff complied with the rule by filing with the complaint an affidavit from an employee setting forth the necessary facts. The court held a hearing, and based on the submitted information, found that there was a reasonable likelihood of success and there was no alternate means of payment. There was no requirement that plaintiff supplement its affidavit with live testimony to meet its burden of demonstrating the need for a writ, and the writ was issued in conformity with the rule. Further, as the trial court found, the affidavit provided all of the information required by Rule 4.1(b)(2)—evidence of a reasonable likelihood that plaintiff will prevail at trial, and that there was no insurance, bond or other security available to satisfy the judgment.

Next, appellant argues that the court erred in granting summary judgment. On appeal from summary judgment, this Court applies the same standard as the trial court. White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999). Summary judgment is appropriate when there is no disputed question of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

Appellant claims summary judgment was improper because there is a disputed material fact regarding whether plaintiff property mitigated damages.[3] Specifically, she asserts that plaintiff acted unreasonably in selling the property for $30,000 when the property had been appraised for $96,710. "In determining whether a dispute over material facts exists, we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White, 170 Vt. at 28. Mere conclusory allegations are insufficient to oppose these facts; the opposing party must support a denial with specific facts to show there is a genuine issue of dispute for trial. Id.; see V.R.C.P. 56(c)(1) (requiring party asserting dispute of facts to file a separate and concise statement of undisputed facts with specific citation to particular parts of materials in record).

Appellant failed to rebut plaintiff's statement of undisputed facts and supporting affidavit reciting the efforts taken to sell the property, and the reasonable value of the property. Plaintiff's undisputed statement of facts and supporting affidavit and documents demonstrated that the property had significantly decreased in value between 2008 and the time it was sold. It also showed that plaintiff took reasonable measures to sell the property, conducting a market analysis

---

[3] Appellant also asserts generally that there are factual disputes regarding the interest calculation, realtor commission and method of calculating the amount of the deficiency. These issues were raised by the trial court sua sponte in response to plaintiff's motion for summary judgment. After considering the parties' responses, the court concluded that: prejudgment interest accrued at the rate set in the note, not the statutory rate; the realtor commission was properly accounted for; and the $30,661.79 figure represented a gross sales figure. With respect to the prejudgment interest issue, the trial court ruled in appellant's favor. With respect to the accounting concerning the realtor's commission, appellant did not present any evidence to the trial court to demonstrate a dispute of fact. On appeal, she has not particularly delineated how she disputes these facts. Therefore, appellant has failed to demonstrate a dispute of facts as to these issues.

and appraisal, enlisting a realtor and entering two contracts before finally completing a sale. Appellant's allegation that plaintiff failed to take reasonable measures to mitigate the deficiency was not supported by citation to any record evidence such as an affidavit by a realtor concerning the reasonableness of plaintiff's efforts to market the property, and was insufficient to rebut plaintiff's undisputed facts. Although appellant perceived that the property was worth more, she did not provide any concrete evidence that the sale was unfair or unreasonable. See note 2, supra. Therefore, the court properly accepted plaintiff's statement of undisputed facts.

Appellant also claims that the court improperly granted judgment without allowing her a reasonable period to respond, especially given that she did not receive a mailing from the court. A decision on a motion for summary judgment is made after allowing a reasonable time to respond. V.R.C.P. 56(f).

We conclude that there was ample opportunity for appellant to respond. Plaintiff filed for summary judgment in May 2013. Appellant does not dispute that she received the motion for summary judgment and that she responded to it. On July 31, 2013, in its summary judgment order, the court acknowledged that it was unclear whether appellant had filed one or two responses to the motion for summary judgment because the only filing received from her was entitled "supplemental affidavit." The court thus delayed entering its decision for ten days to allow her additional time to respond. Appellant did not file anything further, and judgment was issued on August 20, 2013. In September 2013, appellant filed a motion, asserting that she had not received the July 31 order and restating her position that there was a factual dispute as to the reasonableness of the sale. The court considered and rejected the motion, concluding that it raised the same points already rejected in the court's July 31, 2013 order. Therefore, even though appellant did not receive the July 31, 2013 decision, she had several opportunities to respond and make her arguments to the court.

There is also no merit to appellant's argument that she was entitled to a hearing prior to a decision on the motion for summary judgment. Not only did she fail to request a hearing, but also a hearing is not required before the court rules on a motion for summary judgment. V.R.C.P. 56(f); see Lussier v. Truax, 161 Vt. 611, 612 (1993) (mem.) (rejecting claim that court erred in granting summary judgment without a hearing because hearing is not required)). Appellant had ample opportunity to respond to the motion and to present her position.

Finally, appellant argues that the deed in lieu of foreclosure was in accord and satisfaction of the promissory note and therefore no attorney's fees may be recovered under the note. The trial court concluded that the deficiency judgment was brought pursuant to the note and that plaintiff's right to attorney's fees was not extinguished by execution of the agreement for deed in lieu of foreclosure.

We agree with the trial court's analysis on this issue. "A party claiming the defense of accord and satisfaction must prove that: (1) the claim is disputed; (2) the party offered to pay less than the amount allegedly due; and (3) in full settlement of the claim, the other party accepted and retained the lesser amount offered." Roy v. Mugford, 161 Vt. 501, 513 (1994). Here, the deed in lieu of foreclosure does not indicate that it is intended to be a full settlement of all the claims between the parties. The agreement states that plaintiff "specifically retains its rights to pursue Drew Richter and Russell E. Richter for any deficiency amount which may result from

the sale of [the property]." Therefore, the agreement did not supplant the note and plaintiff retained its legal rights to pursue its remedies under the note, including collecting attorney's fees in the event of a default on the deficiency obligation.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Justice


_____
Beth Robinson, Associate Justice