VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-340

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2026

Richard Welch, Jr.* v. Nicole Foster and Brian Bishop

}
}
}
}
}

APPEALED FROM:

Superior Court, Addison Unit, Civil Division
CASE NO. 25-CV-00259
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff Richard Welch Jr. appeals a civil division order granting summary judgment to defendants Nicole Foster and Brian Bishop.  On appeal, plaintiff argues that the court erred in granting judgment without a hearing and in reliance on erroneous facts.  We affirm.

On January 17, 2025, plaintiff filed suit against defendants alleging that they made false reports of child abuse and sexual abuse to the Department for Children and Families (DCF) and in relief-from-abuse (RFA) petitions about him and this caused him to lose his job and experience medical effects such as hypertension, sleep apnea, and mental anguish.  The complaint indicated that these false allegations were made in 2017 and 2018.  Plaintiff asserted reputational and financial consequences due to defendants' allegations and sought monetary damages.

Defendants moved for summary judgment, arguing that Vermont's three-year statute of limitations barred plaintiff's defamation claims from 2017 and 2018.  See 12 V.S.A. § 512(3) (requiring actions for "slander and libel" to be "commenced within three years after the cause of action accrues").  Defendants appended a statement of undisputed facts, which included the following.  In 2017 and 2018, defendants filed police reports, sought RFA petitions, and made complaints to DCF alleging that plaintiff engaged in child abuse and sexual assault against defendant Bishop's biological daughter.  Plaintiff was made aware of these allegations at the time when DCF was investigating the reports.  Plaintiff is currently incarcerated and awaiting

sentence following his conviction for aggravated sexual assault against the child who was the subject of the complaints and reports.

Plaintiff did not file his own statement of undisputed facts or counter any of the facts provided by defendants. Therefore, the court accepted defendants' statement as true. Based on these facts, the civil division concluded that the three-year statute of limitations for defamation had expired, even assuming plaintiff met the other requirements for a defamation claim. The court did not credit plaintiff's conclusory statements that his sleep apnea was related to his claims and that plaintiff experienced ongoing harm from text messages sent by defendants. The court therefore entered judgment for defendants. Plaintiff appeals.

On appeal from a decision on summary judgment, this Court's review is de novo using "the same standard as the trial court." Gallipo v. City of Rutland, 2005 VT 83, ¶ 13, 178 Vt. 244. Summary judgment is appropriate when there is not dispute of material fact and a party is "entitled to judgment as a matter of law." V.R.C.P. 56(a). When one party provides a statement of undisputed fact supported by evidence in the record and the other party does not address it, the court may "consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e).

Plaintiff first argues that the court erred in failing to hold a hearing prior to entering judgment.* A hearing is not required before the court decides summary judgment. V.R.C.P. 56 (providing procedures for summary judgment and not requiring hearing); see Lussier v. Truax, 161 Vt. 611, 612 (1993) (mem.) (declining to reverse summary judgment for lack of hearing since none was required). Therefore, we conclude there was no error.

Plaintiff next contends that the court's findings were clearly erroneous, and its conclusions were not supported by the record. Plaintiff's argument misunderstands the procedural posture of the case. When a party moves for summary judgment, the court enters judgment based on the undisputed facts; the court does not make factual findings based on an assessment of the evidence. Here, based on defendants' statement of undisputed facts, the court determined that plaintiff's claims were barred by the statute of limitations, which requires slander and libel claims to be commenced within three years after injury is discovered. 12 V.S.A. § 512 (3), (4). Because plaintiff admitted that he knew of defendants' statements and reports in 2017 and 2018 and suffered harms during that time, the court concluded that the

---

* Plaintiff claims that the court erred in denying his Rule 60(b) motion, however, the record demonstrates that there was no motion filed in the civil division under Vermont Rule of Civil Procedure 60. The court's decision was in response to a motion for summary judgment filed under Vermont Rule of Civil Procedure 56. Therefore, our analysis centers on that rule.

Plaintiff also claims that the civil division violated Vermont Rule of Appellate Procedure 33(b) in failing to provide oral argument. This rule is inapplicable to proceedings in the civil division. See V.R.A.P. 1(a) (providing that appellate rules "govern procedure in all appeals to the Supreme Court").

limitations period had long expired by the time plaintiff filed suit in 2025.  Because the undisputed facts support the court's legal decision, there are no grounds to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice