STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Ingleside Development 2-Lot Subdivision | } | Docket No. 53-3-07 Vtec |
| | } | |
| | } | |

## Decision on Motions to and to Intervene

This appeal arises out of the Town of St. Albans (Town) Development Review Board's (DRB) decision to grant final plat approval to Ingleside Equity Group (Appellee) for the subdivision of the property located at 353 Fairfax Road in the Town of St. Albans. Appellee has filed a motion to dismiss this appeal; Northwest Citizens for Responsible Growth (NCRG) has filed a motion to intervene. Appellee is represented by Thomas G. Walsh, Esq.; NCRG and Thomas Bushey are represented by Phoebe Mills, Esq.; the Town is represented by David A. Barra, Esq.; and Interested Person Samuel Smith represents himself.

## Background

1. Appellee owns the property located at 353 Fairfax Road (the Property), which is located within a Planned Unit Development (PUD), in the Town of St. Albans.

2. On February 15, 2007, the DRB issued a written decision granting final plat approval for a two-lot subdivision of the Property, which is located within an existing PUD.

3. On March 3, 2007, a Notice of Appeal was filed with this Court, stating that "the attached list of twenty-one persons" appealed the DRB's decision. This notice of appeal was signed by Susan Prent, on behalf of NCRG.[1] The notice of appeal contained an attached list of twenty-one members, eleven of whom were listed as residents of the City of St. Albans (City), eight of whom were listed as residents of the Town of St. Albans, and two of whom were listed as residents of "St. Albans Town/Swanton."

4. All of the twenty-one individuals listed as members of NCRG signed a written request for party status before the DRB, listing their addresses, which was filed as Exhibit A to NCRG's and Mr. Bushey's Opposition to the Motion to Dismiss. The individuals are: M. Susan Knightes (City), Sue Prent (City), Mark Prent (City), Thomas Bushey (City), Marie T. Limoges (City), Betty A. Finn (Town), Michael J. Kelley (City), D. Edward Speegle (Town), David S. Knightes

---

[1] For purposes of this municipal appeal, we use the acronym "NCRG" to refer to the specific twenty-one petitioners to the DRB and not to the NCRG group generally; general membership in NCRG does not entitle an individual who did not petition the DRB to participate in this municipal appeal proceeding.

(City), Flossie M. Vernal (City), Madonna M. Vernal (City), Marie Frey (Swanton), Richard Hudak (Swanton), John Hauck (Town), Deborah Hauck (Town), Joyce Jenkins (Town), Allen Jenkins (Town), Brad Jenkins (Town), Steve Hauck (Town), Nancy Hudak (Town), and M. Jane Giroux (Town).

5. On March 13, 2007, the Court Manager, Jacalyn M. Fletcher, sent Ms. Prent a letter, requesting additional information regarding the named appellants.

6. In response, on March 22, 2007, a Revised Notice of Appeal was filed, listing the NCRG and Mr. Bushey[2] as parties. The Revised Notice of Appeal lists the addresses of Ms. Prent and Mr. Bushey, and is signed by both. The Revised Notice of Appeal contains no other signatures. Ms. Prent signed on behalf of the NCRG.

7. Mr. Smith entered his appearance as an Interested Person on April 26, 2007. He is an adjacent property owner.

### Discussion

Appellee has filed a motion to dismiss this appeal for lack of jurisdiction and because it was untimely filed. For the reasons stated below, we decline to dismiss this appeal.

"'A motion to dismiss ... is not favored and rarely granted.'" Alger v. Dep't of Labor and Indus., 2006 VT 115, ¶12 (quoting Gilman v. Maine Mut. Fire Ins. Co., 2003 VT 55, ¶14). When reviewing a motion to dismiss, "we consider whether, taking all of the nonmoving party's factual allegations as true, it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Alger, 2006 VT 115, ¶12 (internal quotations omitted).

### I. Party Status

Appellee first argues that NCRG is not a proper appellant because it was denied party status before the DRB and thus cannot satisfy the "participation" requirement necessary to bring an appeal. Appellee further argues that Mr. Bushey does not have party status because his notice of appeal and Statement of Questions do not preserve the issue of his party status for review in this appeal.[3] In response, NCRG argues that the DRB's decision on NCRG's party status is irrelevant because of the statutory requirements for taking an appeal to the Environmental Court set forth at 10 V.S.A. § 8504(b)(1) and 24 V.S.A. § 4465(b)(4) and that Mr. Bushey has party status by virtue of his participation in the DRB proceeding below.

---

[2] Mr. Bushey is also listed as a member of the NCRG on the list attached to the original Notice of Appeal.

[3] It is undisputed that the specifically listed NCRG members submitted their petition to the DRB, expressing general concerns about Appellee's proposed project.

It is worth noting initially that a municipal appeal of this nature is <u>de novo</u>; thus, the Court gives no weight to the determinations by the DRB below that have been preserved for our review on appeal.  See 10 V.S.A. § 8504(h).  Pursuant to 10 V.S.A. § 8504(b)(1), "an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding" may take an appeal to the Environmental Court from a decision of a development review board.  An "interested person" is defined as

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. . . .

24 V.S.A. § 4465(b)(1).

An "interested person" is also defined as "any ten persons who may be any combination of voters or real property owners" within the subject municipality or within an adjoining municipality who, "by signed petition to the appropriate municipal panel," allege that the application, if approved, will not be in accord with the bylaw of the municipality.  <u>Id.</u> § 4465(b)(3).  Participation in the municipal proceeding, as defined in 24 V.S.A. § 4471(a), "shall consist of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding."

With respect to the listed members of NCRG, they meet the criteria for petitioner party status set forth at 24 V.S.A. § 4465(b)(4) because all twenty-one of the listed individuals signed a petition that was submitted to the DRB, evidencing their concern that the proposed subdivision violated the Town Bylaws.  The group members all reside in the subject community or in the adjoining municipality, with the exception of Marie Frey and Richard Hudak, who have listed their addresses as St Albans Town/Swanton.  Without evidence as to whether Ms. Frey and Mr. Hudak reside in the Town of St. Albans or in Swanton, we cannot find that they satisfy the requirements of § 4465(b)(3); however, the remaining nineteen group members do.  We conclude that NCRG meets the statutory requirements for party status as to every member except Ms. Frey and Mr. Hudak; therefore NCRG is a proper appellant.

As for Mr. Bushey, Rule 5(b)(3) of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) requires that the notice of appeal list the statutory provision under which the party is appealing.  Both the initial Notice of Appeal, listing Mr. Bushey as an

Appellant, and the Revised Notice of Appeal, signed by Mr. Bushey and listing him as an Appellant, contain the statutory provision under which Mr. Bushey appealed the DRB's decision. As a member of NCRG, Mr. Bushey also satisfied the participation requirement of 24 V.S.A. § 4471(a). We therefore conclude that Mr. Bushey is a proper appellant.

## II.     Timeliness of the Revised Notice of Appeal

Appellee also argues that the Revised Notice of Appeal was untimely; therefore, this Court lacks jurisdiction to hear this appeal. V.R.E.C.P. 5(b)(1) provides that an appeal must be taken within thirty days of the decision appealed from. Here, the Notice of Appeal was filed on March 3, 2007, within thirty days of the February 15, 2007 DRB decision appealed from. Because it was unclear to the Environmental Court Manager which parties were claiming party status, as opposed to interested person status, the Court Manager sent a letter to Ms. Prent on March 13, 2007, requesting further information. This prompted the filing of the Revised Notice of Appeal on March 22, 2007.

When an initial notice of appeal is filed by a party qualified to file an appeal, this Court derives jurisdiction over the appeal. In re: Appeal of Emanuel, et al., Docket No. 24-1-00 Vtec, slip op. at 1 (Vt. Envtl. Ct., Mar. 21, 2000). This Court also has the discretionary authority to consider whether to allow an amendment to the notice of appeal or to allow more parties to join in the appeal. V.R.C.P. 5(b)(1) and 5(d)(2); see also 10 V.S.A. § 8504(b)(2)(C).

While the Revised Notice of Appeal was filed outside the time limits proscribed by V.R.E.C.P. 5(b)(1), it was submitted in response to a request from the Court Manager for further information, after the original Notice of Appeal was timely filed. Furthermore, the original Notice of Appeal was filed by, or on behalf of, two entities with standing to appeal — the specifically listed members of NCRG and Mr. Bushey. Therefore, the Court has jurisdiction to hear this appeal.

## Conclusion

For the reasons stated above, Appellee's motion to dismiss is **DENIED** and NCRG and Mr. Bushey's motion to intervene is **DENIED** as moot.

Done at Berlin, Vermont this 3rd day of July, 2007.

_____
Thomas S. Durkin, Environmental Judge

4