Galipeau v. Solomon, No. 123-4-12 Bncv (Hayes, J., May 31, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                                   Docket No. 123-4-12 Bncv

|   |   |
|---|---|
| Krista Galipeau | |
|   Plaintiff | |
| | |
| v. | |
| | |
| Paul Solomon and | |
| Clinical Neuroscience | |
| Research Associates, Inc. | |
|   Defendant | |


DECISION ON MOTION TO DISMISS

In this case, plaintiff has made a "hostile work environment" claim under 21 V.S.A. § 495d(13)(C) of the Vermont Fair Employment Practices Act. Under this section, plaintiff must allege that defendants made "unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when . . . the conduct has the purpose or effect of . . . creating an intimidating, hostile or offensive work environment."

In the instant motion, defendants move for dismissal under V.R.C.P. 12(b)(6), arguing that plaintiff has failed to state a claim for sexual harassment. Defendants argue that to properly assert a claim for sexual harassment, plaintiff must allege that she herself was the target of the complained of sexual behavior. Motions to dismiss are not favored, and are rarely granted. *Gilman v. Maine Mutual Fire Ins. Co.,* 2003 VT 55, ¶ 14, 175 Vt. 554 (mem.). The purpose of a motion to dismiss is to test the law of the case, not the facts which underlie the complaint. *Kane v. Lamothe,* 2007 VT 91, ¶ 14, 182 Vt. 241. In considering a motion to dismiss, the court assumes all factual allegations in the complaint to be true and gives the benefit of all reasonable inferences to the non-moving party. *Richards v. Town of Norwich,* 169 Vt. 44, 48 (1999). A motion to dismiss should not be granted unless it is beyond doubt that there exist no facts or circumstances which would entitle the plaintiff to relief. *Assoc. of Haystack Property Owners, Inc. v. Sprague,* 145 Vt. 443, 446-47 (1985).

The court's task is one of statutory interpretation. First, the court must "look to the language of the statute and seek to construe it according to its plain and ordinary meaning. Where the language is clear and unambiguous, we enforce the statute according to its terms." *Payne v. U.S. Airways, Inc.*, 2009 VT 90, ¶ 24, 186 Vt. 458 (citation omitted). If the terms of the statute are not sufficiently clear to illuminate the legislative intent behind it, the court looks to "the statute's subject matter, its effects and consequences, and the reason and spirit of the law." *State v. Kimmick*, 2007 VT 45, ¶ 12, 181 Vt. 635 (citation omitted).

The language of the statute is not ambiguous. On its face, it contains no requirement that the harassment be directed toward the complaining employee. It merely requires that the harassment be of a sexual nature, and have the effect of creating a hostile work environment.

Although no reported Vermont Supreme Court decisions address this issue directly, Vermont looks to the federal courts' interpretations of Title VII as persuasive authority in addressing issues under the Fair Employment Practices Act. *Lavalley v. E.B. & A.C. Whiting Co.*, 166 Vt. 205, 209 (1997) ("[F]ederal decisions represent persuasive authority on the proper interpretation of FEPA."). Federal case law has established that Title VII does not require that the claimant herself be the victim of sexual advances in order for such advances to create a hostile work environment. See, e.g., *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 571 (2000) ("[E]ven if [plaintiff] herself were not present or were not the target of some of Bloom's racial remarks, a jury plausibly could find that his persistently offensive conduct created an overall hostile or abusive environment") (quotation omitted).

Because neither the statute nor relevant case law shows that the plaintiff must show that she was the target of sexual advances in order to prove her claim, defendants' motion to dismiss must be denied.

ORDER

Defendants' Motion to Dismiss (MPR #1), filed April 23, 2012, is **denied**.

Dated at Bennington, Vermont this 31st day of May, 2012.

_____
Katherine A. Hayes
Superior Court Judge