STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION
Environmental Division Unit                          Docket No. 56-5-15 Vtec
                                                    & Docket No. 105-8-15 Vtec

| Phillips d/b/a Country View Auto Sales Applications |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Planning Commission Site Plan (56-5-15 Vtec)

Title:          Motion for Judgment Without Trial  (Motion 2)
Filer:          Marjorie Southard
Attorney:       Pro Se
Filed Date:     October 9, 2015

Response in Opposition filed on 11/02/2015 by John H. Bloomer, Attorney for
        Appellee/Applicants Dianne and Joseph Phillips
Reply filed on 11/12/2015 by Marion Pratico

**The motion is DENIED.**


Count 1, Municipal Planning Commission Site Plan (56-5-15 Vtec)

Title:          Motion to Amend Scheduling Order to Eliminate Mediation  (Motion 3)
Filer:          Marion Pratico
Attorney:       Pro Se
Filed Date:     November 12, 2015

No response filed

**The motion is GRANTED.**


Count 1, Municipal ZBA Building Permit Approval (105-8-15 Vtec)

Title:          Motion to Amend Scheduling Order to Eliminate Mediation  (Motion 2)
Filer:          Appellant Marion Pratico
Attorney:       Pro Se
Filed Date:     November 12, 2015

No response filed

**The motion is GRANTED.**

Count 1, Municipal ZBA Building Permit Approval (105-8-15 Vtec)

Title:          Motion for Judgment Without Trial (Motion 3)
Filer:          Appellant Marion Pratico
Attorney:    Pro Se
Filed Date:  November 12, 2015

No response filed

**The motion is DENIED.**

Count 1, Municipal ZBA Building Permit Approval (105-8-15 Vtec)

Title:          Motion to for Enlargement of Time for all Discovery Deadlines (Motion 3)
Filer:          Helen Darby
Attorney:    Pro Se
Filed Date:  November 12, 2015

No response filed

**The motion is GRANTED.**

**So ordered.**

These coordinated appeals relate to the Town of Clarendon's decision to grant site plan approval and a building permit to Joseph and Dianne Phillips, doing business as Country View Auto Sales ("Applicant"), for an auto dealership to be located on Route 7B in the Town of Clarendon, Vermont.  In Docket No. 56-5-15 Vtec, Appellant Marjorie Southard challenges the decision of the Town of Clarendon Planning Commission ("Planning Commission") to issue site plan approval.  Marion Pratico and Helen Darby are Interested Persons in that appeal.  In Docket No. 105-8-15 Vtec, Appellant Marion Pratico challenges the Town of Clarendon Board of Zoning Appeals' ("ZBA") decision to issue a zoning permit to Applicant.  Helen Darby is an Interested Person in the building permit appeal.  Attorney John H. Bloomer, Jr. represents Applicant.  Attorney William H. Bloomer represents the Town of Clarendon ("Town").  Marjorie Southard was formerly represented by Attorney David L. Grayck, but is now self-represented.  Appellant/Interested Person Marion Pratico and Interested Person Helen Darby are also self-represented.

Pending before the Court are five motions.  Appellant Marjorie Southard filed a motion "to find the Permit null and void on the facts submitted" on October 9, 2015 in the site plan approval appeal (Docket No. 56-5-15 Vtec).  Applicant filed an opposition, and Appellant Marjorie Southard and Interested Persons Marion Pratico and Helen Darby filed replies.  Marion Pratico also filed a sur-reply, dated December 9, in both appeals, in which she repeated her arguments.  Interested Person Helen Darby also filed a motion to extend all discovery deadlines in the Court's September 16, 2015 Scheduling Order by 30 days.

Appellant Marion Pratico filed a "motion for a final total dismissal of the project on the following facts" in the zoning permit appeal (Docket No. 105-8-15 Vtec) on November 16, 2015. Ms. Southard, who is not a party to the zoning permit appeal, filed a (supportive) reply.[1] Appellant/Interested Person Marion Pratico also filed a motion to amend the Court's September 17, 2015 Scheduling Order to eliminate the mediation requirement in both appeals. No responses were filed to that fifth and final motion.

## I.        Dispositive Motions

The Court turns first to Ms. Southard's motion to "find the Permit null and void" (in the site plan appeal) and Ms. Pratico's motion for "a final and total dismissal of the project" (in the zoning permit appeal).   These motions essentially ask the Court to grant judgment in Appellants'/Interested Persons' favor without the benefit of a trial.  Under the Vermont Rules of Civil Procedure,[2] when a party asks the court to decide a matter without a full and fair trial, they must convince the Court that they would be entitled to pre-trial judgment, even if the Court were to give the other party the full benefit of the doubt as to all relevant and material facts.  In other words, the moving party must show the Court that there is *no possible set of facts* when the facts presented are viewed in a light most favorable to their opponent, that would allow the non-moving party to prevail.  See Vermont Rules of Civil Procedure 12(b)(6), 56(a); see also Amiot v. Ames, 166 Vt. 288, 291 (1997) (standard for motion to dismiss under Rule 12(b)(6)); Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (standard for summary judgment under Rule 56).  This is a very high bar that movants impose upon themselves, and because of that high bar for success, these kinds of motions are rarely granted. Gilman v. Me. Mut. Fire Ins. Co., 2003 VT 55, ¶ 14, 175 Vt. 554.

In the site plan approval appeal (Docket No. 56-5-15), Ms. Southard, Ms. Darby, and Ms. Pratico have collectively filed the following exhibits, along with several pages of legal argument: a letter from Gale M. LiCausi (the Town Clerk) informing Applicant that the Planning Commission voted to approve his site plan for "a wholesale/retail auto operation," Appellant's Ex. 2; a "Purposes" section for the Commercial Industrial District from the Town's Zoning Regulations that lists "Allow[ing] . . . retail and/or wholesale operations" as a purpose of the zoning district, Appellant's Ex. 1; a Town district map showing that the proposed site is in the Residential and Commercial District, not the Commercial and Industrial District, Appellant's Ex. 3; the first page of Article VI of the Town of Clarendon Zoning Regulations ("Regulations"), which governs site plans, Appellant's Ex. 4; and a section of the Regulations defining "retail establishment" as "a store used primarily engaged in [sic] selling merchandise, generally without transformation, and rendering services incidental to the sale of merchandise."  In

---

[1] We note that Ms. Southard is not a party to the building permit appeal, but we nonetheless consider her filing, since we reach the same conclusion regardless.

[2] In Ms. Southard's December 7, 2015 filing and in Ms. Pratico's December 9, 2015 filing, Ms. Southard and Ms. Pratico suggest that the Vermont Rules of Civil Procedure do not apply to these proceedings because these are permit appeals, not civil litigation. The Court refers Ms. Southard and Ms. Pratico to Rule 5(a)(2) of the Vermont Rules for Environmental Court Proceedings, which provides, "Except as modified by this rule and by subdivisions (b)-(e) of Rule 2, the Vermont Rules of Civil and Appellate Procedure, and the Vermont Rules for Electronic Filing, so far as applicable, govern all proceedings under this rule."

response, Applicant filed a table from the Regulations showing what uses are permitted in what districts. Ex. A.

Appellant Southard and Interested Persons Pratico and Darby argue that, because retail/wholesale operations are listed as a purpose in the Commercial and Industrial District they are *only* allowed in that district.  But these parties have failed to cite us to any Regulation provision that directs that just because a use is allowed in one district it is *dis*allowed in all other districts.  As the permitted uses table demonstrates, some uses are allowed in multiple districts.  More importantly, a "purposes" section of a zoning ordinance is not binding in the same way that a list of permitted uses is.  Unlike the table of permitted uses in the Town Zoning Regulations, the "purposes" section of the Town's Zoning Regulations does not contain any mandatory language saying what people can and cannot do on their land. The purposes sections only provide guidance; they do not regulate or restrict conduct.  They may still be relevant as a guide for interpreting other parts of the bylaws, but such provisions do not, in themselves, impose any binding standards restricting land uses or development.

The issue in these appeals, therefore, is whether the project falls under one of the permitted uses in the Regulations' permitted use table.[3]  The Court needs to know details about Applicant's project in order to make this determination.  The only fact Ms. Southard, Ms. Darby, and Ms. Pratico have submitted about the project is a letter from the Town Clerk characterizing the project as "a wholesale/retail auto operation."  Such a minimalist characterization does not provide the Court with sufficient facts to foreclose Applicants' right to review of their application at trial.

This is a de novo appeal.  At trial, we expect all parties to provide relevant and material facts that would allow the Court to make the necessary legal determinations.  The Court needs to know what kind of uses Applicant proposes in order to reach its own conclusions about whether Applicant proposes a "retail establishment."  It is possible, depending on the facts Applicant might present, that its project would meet this definition.  In other words, Ms. Southard, Ms. Darby, and Ms. Pratico have not shown the Court that *there is no possible set of facts* that would allow Applicant to prevail. The Court therefore denies this motion.

As to Ms. Pratico's motion for judgment in the zoning permit appeal, Appellant Marion Pratico has submitted the section of the Regulations outlining the purposes of the Commercial and Industrial District (also submitted in the site plan appeal); the section of the Regulations outlining the purposes of the Residential and Commercial District; the Town Zoning District Map, which shows that the proposed site is in the Residential and Commercial District (also submitted in the site plan appeal); and several pages of handwritten factual assertions and

---

[3] The Court notes that no party has actually submitted the site plan approval standards from the Regulations.  Appellant Marjorie Southard submitted only the first page of the Article of the Regulations dealing with site plan approval.  She argues that the passage "Uses requiring 'Site Plan Review' are considered to be permissible in their listed districts" means that a use must be permissible in its listed district in order to be eligible for site plan approval.  Her representation does not comport with the Court's interpretation of this provision, although it is possible that another portion of the Regulations imposes this requirement.  The Court therefore assumes, for the purposes of this motion, that the issue of whether Applicant's project is allowed in the Residential Commercial District is relevant to this site plan approval.

argument regarding the project's potential impacts on traffic, noise, recreation, wildlife, environmental quality, and economic activity.  Ms. Southard has also submitted a filing that repeats her argument from her motion in the site plan appeal.

In Ms. Pratico's filings, she repeats the legal argument advanced in the site plan appeal: that a retail/wholesale operation is *only* allowed in the Commercial and Industrial district, because the purposes section of that district lists allowing retail/wholesale operations.  We reject this argument for the same reasons as stated above.  The legal issue in this case is whether Applicant's project falls into one of the permitted uses allowed for this zoning district.  Ms. Pratico's handwritten factual assertions relate to the impacts the project will have, but they provide the court with no information about what uses the project entails.  She therefore has not provided a basis for the Court to conclude that there is *no possible set of facts* that would make Applicant's project fit into one of the categories in the permitted uses table in the Regulations.  The motion for judgment without a trial in the building permit appeal must therefore also be denied.

### II.  Motion to Amend Scheduling Order to Eliminate Mediation Requirement

We turn now to Appellant/Interested Party Pratico's motion to amend the Court's September 17, 2015 Scheduling Order to eliminate the Order's mediation requirement.  It has become clear to the Court through pre-trial proceedings and filings that the parties in this case are unlikely to benefit from mediation.  The only way for the Court to resolve these issues is to conduct a trial.  The Court therefore grants Ms. Pratico's motion to eliminate the mediation requirement in the Court's September 17, 2015 Scheduling Order.

### III.  Motion to Extend all Discovery Deadlines by 30 Days

The Court grants Helen Darby's motion to extend all discovery deadlines in the Court's September 17, 2015 Scheduling Order.  The original deadline for discovery requests, pretrial motions, and disclosure of Appellants' expert witnesses was November 16, 2015.  The original deadline for Applicant to disclose expert witnesses was December 1, 2015.  The deadline for completing depositions was December 30, 2015.  The deadline for trial readiness was January 8, 2016. The Court grants Helen Darby's motion, and extends all of these deadlines by 45 days.

### CONCLUSION

The deadline for submitting unavailable dates for a trial in February or March, 2016 in this matter was November 16, 2015.  That deadline has passed.  Ms. Darby and Applicant have submitted their unavailable dates.  Applicant has estimated that trial will take one or two days.  Ms. Darby estimates that trial will take two or three days.  This matter will therefore be set for a two-day trial, with a third day to be held in reserve.  The Court Manager will issue a separate hearing notice for those trial dates.

Electronically signed on December 16, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division


Notifications:
John H. Bloomer (ERN 1880), Attorney for Appellees Dianne and Joseph Phillips
Appellants and Interested Person Marion Pratico
William J. Bloomer (ERN 3734), Attorney for Interested Person Town of Clarendon
Interested Person Helen Darby
Appellant Marjorie Southard
Mediator Peter Pagnucco