Vermont Superior Court
Filed 03/06/24
Orleans Unit

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04110

---

**George Woods, Jr. v State of Vermont**

---

## ENTRY REGARDING MOTION

Title:  Motion for Summary Judgment; Motion for Expedited Hearing Amended ;  (Motion: 5; 7)
Filer:  George Woods, Jr.; Maria L. Byford
Filed Date:  January 15, 2024; February 23, 2024

The motion is GRANTED IN PART and DENIED IN PART.

The present matter arises from the latest in a series of challenges put forward by Petitioenr Wood seeking to reduce the amount of time remaining to serve on his current sentences arising from a series of incidents in Orleans county in 2015.  Because of the complicated history of the present matter, the Court will go through the material facts as demonstrated in the various court dockets and trial transcripts submitted by the parties in support of their competing motions.[1]

In March of 2015, Petitioner was charged with aggravated domestic assault, domestic assault, and unlawful restraint.  These charged arose from a February 2015 incident involving the Petitioner and his wife. These charges were filed under Docket No. 107-3-15 Oscr.

In October 2015, Petitioner was charged with 20 counts of violations of conditions of release.  Each of these 20 violations related to a separate phone call that Petitioner made to his spouse between March 10, 2015 and June 30, 2015 when his conditions required an absolute prohibition on contact.  These charges were filed as twenty separate counts under Docket No. 510-10-15 Oscr.

---

[1] This summary of facts does not include certain facts, such as the initial criminal trial in 2016 against Petitioner that ended in a mistrial as it does not affect the plea agreement reached by the parties in January of 2017.

In January of 2016, Petitioner was charged with obstructing justice related to threats that he made from the corrections facility to his wife on March 10, 2015. This new charge was filed under Docket No. 40-1-16 Oscr.

In January 2017, Petitioner went to trial in front of a jury on all three dockets and all twenty-four charges. On January 25th, midway through this trial, Petitioner and the State announced to the Court that they had reached a plea deal, which the Court entered on the record. Under the terms of the plea deal, Petitioner plead guilty and sentenced as follows:

In Docket No. 107-3-15 Oscr., Petitioner plead guilty to the second count of domestic assault, which was a misdemeanor. The remaining charges in this docket were dismissed. The Court then sentenced Petitioner to sixteen to eighteen months, suspended with probation. In Docket No. 510-10-15 Oscr, Petitioner plead guilty to each of the 20 counts of violation of conditions of release. The Court then sentenced Petitioner to zero to six months for each violation and ordered that the first ten counts run consecutive to each other and to the other sentences, and the last ten counts would run concurrently to the other sentences. All were suspended with probation. In Docket No. 40-1-16 Oscr, Petitioner plead guilty to the obstruction of justice charge. The Court then sentenced Petitioner two to five years with all but two years suspended and credit for time served to date. As the Court noted several times, the intent and understanding of the sentences was to craft a 2-to-10-year sentence that with credit for time served would leave Petitioner eligible for release within a month or two of the plea agreement in 2017 but that would keep Petitioner within the oversight of the Department through 2025.

On February 8, 2017, the Court conducted a further sentencing hearing to discuss the amount of time served for Dockets No. 107-3-15 Oscr (domestic assault) and 40-1-16 Oscr (obstruction of justice). A main reason for the hearing was that the primary sentence on which the Court imposed the minimum two-year sentence was not actually charged until nearly a year after the prior charges, which created the possibility that Petitioner would spend three-years incarcerated, rather than the two contemplated by the parties  There was some confusion as to the exact number of days to credit Petitioner, but the record indicates that (1) the Department of Corrections would apply any credit earned to date to Docket No, 40-1-16 Oscr., which at the time was the only docket on which there was an active sentence being served (Dockets 107-3-15 Oscr and 510-10-15 Oscr. Had received suspended sentences). (2) Petitioner would be credited with sufficient time to allow him to be released on March 8, 2017. (3) at the time, the Department of Corrections understood

that if he received 329 days of credit, then it would be sufficient to effectuate the March 8, 2017 release date. (4) Petitioner believed that he was entitled to 33 additional days of credit, but the Court did not agree with this assertion. (5) The parties came to an agreement that Petitioner was entitled to how-ever much credit was necessary to effectuate the March 8, 20217 release date.

In May of 2020, Petitioner filed a civil action seeking relief under habeas corpus. This matter was given Docket No. 103-5-20 Oscv. The petition was soon converted from a habeas petition to a post-conviction relief petition. Petitioner sought, in this filing, to set aside his plea agreement because he claimed that he had a misunderstanding about the concurrent and consecutive nature of his 2017 sentences, such that he believed that he should only have been sentenced for 2 to 5 years. This impression was not supported by the record at either the January 25, 2017 plea agreement or the subsequent February 8, 2017 hearing, and following an unopposed motion for summary judgment, the Court granted judgment for the State dismissing Petitioner's Post-Conviction Relief Petition on October 4, 2022.

Shortly after the Court's dismissal of Docket No. 103-5-20 Oscv, Petitioner filed a new civil complaint on November 22, 2022, which is the present docket. In the complaint Petitioner listed several issues.[2] These include allegations of (1) tainted evidence and a Brady violation at his January trial; (2) delayed production of affidavits at the January trial; (3) waiver of Rule 5 rights at a pre-trial evidentiary hearing; (4) that the multiple charges against Petitioner lacked probable cause; (5) that the plea colloquy was not sufficient because he understood the sentence was "split to serve"; (6) that the Court could not impose consecutive sentences because Petitioner was not serving a prior sentence under 13 V.S.A. § 7032; (7) that the State's Attorney alleged violations for non-conditions in March of 2017; (8) failure by counsel to pursue dismissal of a violation of probation in August of 2018; (9) imposition of additional conditions at the March 12, 2019 hearing on probation violation, including no contact with Petitioner's spouse; (10) issues with the Department of Corrections record keeping for time served; and (11) issues with his revocation of furlough in April 2020.

_____

[2]These allegations are not numbered in Petitioner's original complaint, but they are laid out as separate paragraph each seeking to assert a separate claim. For the sake of convenience and clarity, the Court has adopted a numbering system to help keep each claim clear and distinct from the accompanying claims. This is done strictly for the purpose of identifying the separate claims in the order in which Petitioner made them in his original complaint/petition.

In subsequent filings, Petitioner has come to focus on issues around the State's calculation of his overall sentence and any applicable good time credits available under 28 V.S.A. § 808.

*Legal Analysis*

Vermont Rule of Civil Procedure 56 governs motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to as a matter of law." V.R.C.P. 56(a). See *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112; *Gilman v. Maine Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 7, 175 Vt. 554. The purpose of summary judgment is to "smoke out" parties' supporting facts. *Donnelly v. Guion,* 467 F.2d 290, 293 (2d Cir. 1972). The moving party must support its assertion with numbered paragraphs with references to materials in the record. V.R.C.P. 56(c)(1). The nonmoving party must show that the material facts are in dispute. *Boyd v. State*, 2022 VT 12, 275 A.3d 155. The nonmoving party does this through introducing their own admissible evidence. *Gross*, 2018 VT at ¶ 8. Additionally, the court gives the nonmoving party the benefit of reasonable doubts and inferences. *Brousseau v. Brousseau*, 2007 VT 77, 182 Vt. 533. If the court determines there are no genuine issues of material fact, the court will grant summary judgment. V.R.C.P. 56.

In this case, the State has filed a motion for summary judgment making several arguments. The Court will address each one in turn

First, the State contends that Petitioner present action is a successive post-conviction petition, and that it should be dismissed under res judicata and collateral estoppel principles. The Court does not agree with the State's framing, but it concurs with the substance. The Vermont Supreme Court has not analyzed successive post-conviction relief petitions strictly on a res judicata or claim preclusion basis, but it has focused on the statutory authority codified at 13 V.S.A. § 7134, which states, "The court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The Court has extended Section 7134 to apply to successive post-conviction relief applications. *Laws*, 2007 VT 54, ¶ 11. While the Court has granted some leeway to allowing successive applications where the "ends of justice" are served, the Court has indicated that this is a determination for the trial court to make. *In re Towne*, 2018 VT 5, ¶¶ 23, 24.

In the present case , Petitioner's issues (1) through (6) are effectively successive attacks on his underlying January 25, 2017 plea agreement  Petitioner appears to repeat several lines of argument from that prior filing, but to the extent that he offers new arguments, there are unavailing.

For example, issue (1) and (2) are not relevant as they go to issues with the underlying trial that never went to the jury. Instead, Petitioner elected to subscribe to a plea agreement, and these alleged defects in the trial never became an issue. Issues (3) and (4) go to the question of whether the charges against Petitioner were properly brought or had sufficient probable cause. These alleged issues were cured during the extensive pleas colloquy in January 2017, where Petitioner agreed to the charges against him, had an opportunity to review the claims, and come to a meaningful acceptance of these charges as part of his plea agreement. To attack the plea agreement is a successive petitioner and is barred under 12 V.S.A. § 7134. *Towne*, 2018 VT 5, at ¶ 24. Petitioner's claim that he was ineligible for consecutive sentencing because he was not subject to a prior sentence, issue (6), appears to be a misperception of 13 V.S.A. § 7032. Petitioner's argument and case citation refer to Section 7032(a), which addresses consecutive sentence where there is a prior sentence, but Section 7032(b) applies to consecutive sentencing where a defendant is sentenced to two or more counts. That is precisely what occurred here, and Section 7032(b) allows the type of consecutive sentencing that the Court imposed. Issue (5) is a repacking of Petitioner's earlier claims in Docket No. 103-5-20 Oscv, which was dismissed in that it is an attempt to re-cast a plea agreement into ambiguity despite a clear record of what sentence the Court was imposing and the length of the overall sentence.

For these reasons, the Court finds no compelling basis or "ends of justice" to be served by allowing Petitioner's issues (1) through (6) to proceed. These issues have been previously raised or represent variations on those prior issues without either a compelling factual or legal basis. The State's Motion for Summary Judgment on these Issues is **Granted.**

Petitioner's issue (7) does not appear to have any legal grounds for relief. He claims that he was threatened with a condition by the State in March of 2017 that would have kept him incarcerated past the time of his agreed upon release. There is no allegation that such a condition was imposed or that it was accepted by the Court. As such, it does not appear to be a claim that can be adjudicated within the framework of a post-conviction relief petition.

The remainder of Petitioner's issues concern subsequent issues and are not subject to the successive petition limits of 12 V.S.A. § 7134. Issues (8), (9), and (11) concern proceedings in August of 2018, March of 2019, and April of 2020. It is not clear from either party' s filings if these hearings were in separate dockets or if they were part of the three underlying criminal dockets. It is also not clear if these were court proceedings or administrative parole decisions. Without additional

clarification, these issues are not ripe for summary judgment, and summary judgment on issues (8), (9), and (11) are denied at this time, pending further factual and legal development by the parties.

Finally, Petitioner's issue (10) appears to be the central and most critical issue as it concerns the calculation of the date of his maximum sentence as well as the calculation of time served and any good time credit that he is entitled to receive. As with the prior issues, there is not enough information in the record before the Court to determine the extent of Petitioner's claims or the Department of Corrections' actual calculations. In particular, the Court has not seen a definitive statement on what, if any, good time credits Petitioner is entitled to receive or has received. While this type of issue is more traditionally a Rule 75 issue, the Court is also conscious that the parties are present and that a post-conviction relief petition can allow for such review. *Shuttle v. Patrissi*, 158 Vt. 127, 132 (1992). For these reasons, summary judgment is inappropriate for this issue (11) as well.

## ORDER

Based on the facts and legal posture of Petitioner's prior post-conviction relief petitions, the Court **Grants Partial Summary Judgment** to the State on issues (1) through (7) of Petitioner's present petition based on the successive petition doctrine. *Towne*, 2018 VT 5, at ¶ 24. The Court **Denies** summary judgment on issues (8), (9), and (11) at this time based on the lack of factual or legal foundation. Finally, the Court **Denies** summary judgment on issue (11), which while not strictly a post-conviction relief issue, is relevant to Petitioner's claims and may be the most important of the surviving claims.

Finally, Petitioner has requested an expedited hearing in this matter, but based on the Court's grant of partial summary judgment, the Court will set this for a pre-trial status conference to determine if either party intends further motion practice or needs additional discovery. The Court will also use this hearing to pose questions to the parties about the nature of the surviving claims and what testimony and evidence will be necessary to establish or defend against these claims.

Electronically signed on 3/4/2024 11:12 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge