Vermont Superior Court
Filed 10/17/25
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03268

---

| Eric Champagne v. Renata Pickard, et al |
|---|

## ENTRY REGARDING MOTIONS

Title:         Motion to Strike Plaintiff's February and April 2025 Complaints; Motion for
                     Judgment on the Pleadings (Motion: 10; 11)
Filer:           Brendan T. Sage

       The motion to strike is GRANTED IN PART and the motion for judgment on the pleadings is GRANTED.

       The February 2025 amended complaint is struck in its entirety as duplicative, and the court will consider the April 2025 amended complaint as the operative pleading.[1] Plaintiff agrees the claims against David Turner and Prime Source, neither of whom have been served, may be dismissed. The court will allow addition of the State of Vermont as a defendant because, as both parties acknowledge, plaintiff's complaint seeks damages against state employees Renata Pickard, a Department of Corrections (DOC) officer, and Nicholas Deml, then the DOC Commissioner, for alleged conduct that occurred within the scope of their state employment. As explained below, the amended complaint does not allege gross negligence or willful misconduct. Under the Vermont Tort Claims Act, plaintiff's exclusive right of action is thus against the State of Vermont. *See* 12 V.S.A. § 5602(a). Although defendants, through their counsel at the Attorney General's Office, seek dismissal for plaintiff's failing to have initially named the State, defendants have also argued that any claim against the State fails as a matter of law. The court will accordingly address the merits of the claim against the State.

       Judgment on the pleadings is appropriate when "the movant is entitled to judgment as a matter of law on the basis of the pleadings." *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 17, 217 Vt. 195 (quotation omitted). The court must assume "all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are true and all contravening assertions in the movant's pleadings"

---

[1] Internal administrative issues resulted in delay in docketing and addressing the motion to amend the complaint and related filings. The court regrets and apologizes for any resulting confusion.

are false. *Id.* "The standard for granting a motion for judgment on the pleadings is an exacting one" and should only be granted "if the plaintiff's pleadings contain no allegations that if proven would permit recovery." *Id*

The amended complaint alleges the following relevant facts. Plaintiff is an inmate at Northern State Correctional Facility. He was eating dinner in his cell on May 22, 2023, when he choked on a chicken bone in what he thought was boneless chicken. Plaintiff's cellmates contacted unit officer Renata Pickard for help. Ms. Pickard did not render assistance herself and ordered plaintiff's cellmates not to render assistance and instead wait for medical staff to arrive.[2] One of plaintiff's cellmates refused this order, performed the Heimlich maneuver and CPR, and successfully removed the chicken bone from plaintiff's throat. By failing to render first aid herself, not using her training, and "panicking," Ms. Pickard jeopardized plaintiff's life and caused plaintiff pain and suffering, causing him to seek counseling and rendering him afraid to eat boneless chicken and to be supervised by Ms. Pickard. Plaintiff seeks $100,000 in damages and an injunction requiring Ms. Pickard to complete first aid training.

As noted above, plaintiff's exclusive right of action for this claim is against the State of Vermont. Plaintiff has not alleged any gross negligence or willful misconduct that would justify an individual claim against Ms. Pickard, *see* 12 V.S.A. § 5602, and Mr. Deml, as an agency commissioner acting with the scope of his authority, is entitled to absolute immunity from any individual claim for money damages, *see O'Connor v. Donovan*, 2012 VT 27, ¶ 16, 191 Vt. 412. Defendants are thus entitled to judgment on the pleadings on plaintiff's claims against Ms. Pickard or Mr. Deml individually.

Addressing the merits of the claim against the State, plaintiff essentially argues negligence. Subject to certain exceptions, the State can be liable for the negligence of its employees acting within the scope of their employment "under the same circumstances, in the same manner, and to the same extent as a private person." 12 V.S.A. § 5601(a). The relevant allegations in the amended complaint are that Ms. Pickard responded to the choking incident, did not herself render assistance, and ordered other inmates to refrain from rendering assistance until trained medical staff arrived.[3]

"To sustain a claim of negligence, a plaintiff must establish four elements: (1) that the plaintiff was owed a legal duty by the defendant; (2) that the defendant breached that duty; (3) that the defendant's conduct was the proximate cause of the plaintiff's injuries; and (4) that the plaintiff suffered actual damage as a result of the negligence." *Gilman v.*

---

[2] The court draws the reasonable inference from the amended complaint's reference to Ms. Pickard waiting for "medical staff" that she had contacted medical staff and was waiting for them to arrive. *See* Am. Compl. ¶ 20.

[3] The amended complaint does not make any specific factual allegation regarding Mr. Deml.

*Maine Mut. Fire Ins. Co.*, 2003 VT 55, ¶ 15, 175 Vt. 554. Plaintiff's amended complaint does not allege sufficient facts to establish any breach of a duty of reasonable care. Plaintiff appears to contend that Ms. Pickard was obligated to perform emergency first aid herself, or permit other inmates to do so, rather than allow medical staff to respond to the incident. The court cannot conclude Ms. Pickard's alleged conduct in response to plaintiff's choking incident —responding to the scene and alerting medical staff but failing to personally administer first aid or allow other inmates to do so—amounts to breach of the duty to exercise reasonable care under the circumstances. *Compare Lee v. GNLV Corp.*, 22 P.3d 209, 213-14 (Nev. 2001) (concluding that "summoning medical assistance within a reasonable time" satisfied restaurateur's affirmative duty to exercise reasonable care in response to choking patron and rejecting argument that employees had duty to administer Heimlich maneuver themselves). Because the amended complaint fails to establish breach, it fails to state a viable claim against the State. Defendants are accordingly entitled to judgment on the pleadings.

Electronically signed on: 10/16/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge